SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
   Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
MICHAEL J. CHILLEEN, Cal. Bar No. 210704
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130
E mail     ghurley@sheppardmullin.com
            mchilleen@sheppardmullin.com

Attorneys for Defendant,
DICK'S SPORTING GOODS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DISTRICT

| | |
|---|---|
| REBECCA CASTILLO, an individual,<br><br>        Plaintiff,<br><br>    v.<br><br>DICK'S SPORTING GOODS, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>        Defendants. | Case No.<br><br>Los Angeles County Superior Court Case No. KC069418<br><br>**NOTICE OF REMOVAL OF ACTION PURSUANT TO (1) 28 U.S.C. §§ 1332 AND 1441(b) (DIVERSITY OF CITIZENSHIP); AND (2) 28 U.S.C. §§ 1331 AND 1441(c) (FEDERAL QUESTION)**<br><br>Action Filed:   June 28, 2017<br>Trial Date:     None Set |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. sections 1331, 1332, 1441, and 1446, defendant Dick's Sporting Goods, Inc. ("Defendant") by and through its attorneys, hereby removes to the United States District Court for the Central District of California, the above-captioned matter of *Rebecca Castillo v. Dick's Sporting Goods, Inc., a Delaware corporation, and DOES 1-10*, inclusive, which is currently pending in the Superior Court of the State of California for the County of Los Angeles, Case No. KC069418 (hereinafter the "State Court Action"). As set forth below, removal is proper under two separate and independent bases: (1) federal jurisdiction pursuant to diversity of citizenship; and (2) federal question jurisdiction.

## I.   FILING OF THE COMPLAINT

1.   On June 28, 2017, plaintiff REBECCA CASTILLO ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Los Angeles, Case Number KC069418, by filing a Complaint entitled "*Rebecca Castillo v. Dick's Sporting Goods, Inc., a Delaware corporation; and DOES 1-10, inclusive*."

2.   The Complaint asserts violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act ("Unruh Act"). (Complaint ¶¶36-49).

## II.   TIMELINESS OF REMOVAL

3.   Defendant was served with a copy of the Complaint on July 12, 2017. Accordingly, this Notice of Removal is timely as it is being filed within thirty (30) days of Defendant receiving a copy of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(2)(A). Attached as Exhibit "A" to this Notice of Removal are true and correct copies of all of the pleadings, processes and orders that have been served upon Defendant and filed in the State Court Action. Defendant has not yet responded to the Complaint. There are no other named defendants.

## III. REMOVAL JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

4. The Court has diversity jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different states.

### A. Amount In Controversy

5. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403-404 (9th Cir. 1996) (discussing whether "it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted).

6. Importantly, "[s]ection 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs.'" *Gugliemino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Thus, the amount in controversy not only includes "compensatory damages," but also includes statutory penalties, injunctive relief, attorneys' fees, and other various forms of relief. *Id.* Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994).

7. Defendant can establish the amount in controversy by the allegations in the Complaint, or by setting forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than not" exceeds the jurisdictional minimum. For this purpose, courts may consider whether it is facially apparent from the Complaint that the jurisdictional amount is in controversy. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998). In

1  addition, courts may consider the contents of the removal petition and "summary-
2  judgment-type evidence relevant to the amount in controversy at the time of
3  removal," such as affidavits or declarations.  *Valdez v. Allstate Ins. Co.*, 372 F.3d
4  1115, 1117 (9th Cir. 2004).

5       8.     In measuring the amount in controversy, a court must assume that the
6  allegations of the Complaint are true and that a jury will return a verdict for Plaintiff
7  on all claims made in the Complaint.  *See Kenneth Rothschild Trust v. Morgan*
8  *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).  The ultimate
9  inquiry is what amount is put "in controversy" by the Complaint, not what the
10 defendant will actually owe.  *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982,
11 986 (S.D. Cal. 2005); *see also Scherer v. Equitable Life Assurance Society of the*
12 *United States*, 347 F.3d 394, 399 (2d Cir. 2003).

13      9.     Defendant provides the following calculations only to demonstrate that
14 the amount in controversy in this case easily exceeds the jurisdictional requirement.
15 Defendant makes no admission of any liability or damages with respect to any
16 aspect of this case.

17      10.    The Complaint alleges violations of the Unruh Act and that
18 Defendant's misconduct was "intentional."  (Complaint ¶39).  Plaintiff seeks to
19 recover her attorney's fees and costs.  Attorneys' fees are properly considered in the
20 analysis of the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d
21 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in amount
22 in controversy, regardless of whether award is discretionary or mandatory).
23 Prosecuting an individual Unruh Act claim can lead to a recovery of more than
24 $75,000 in attorneys' fees.  *See Engel v. Worthington*, 60 Cal. App. 4th 628, 635-36
25 (1997) (finding $80,875 in attorneys' fees for recovering $250 in Unruh damages to
26 be reasonable).  Here, Plaintiff limits her attorneys' fees and costs to $74,999.
27 (Complaint ¶43).
28

11. Plaintiff also alleges that she is entitled to "statutory minimum damages pursuant to California Civil Code § 51 for "each and every offense" and that she attempted to access the website and mobile app on numerous occasions and "has been *deterred on a regular basis* from accessing Defendant's website" and store locations. (Complaint ¶¶8, 9, 10, 21, 22, 25, 30). For *each offense, visit, or deterred visit* under the Unruh Act, disabled individuals, such as Plaintiff can recover "actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000)...." Cal. Civ. Code § 52(i). Using the $4,000 statutory minimum and assuming, conservatively, that Plaintiff is seeking to recover statutory damages based on 20 visits/deterred visits, then Plaintiff could potentially recover $80,000.00 (20 visits/deterred visits x $4,000 in statutory damages for a total of $80,000.00).

12. In addition, Plaintiff wants the Court to issue a permanent injunction requiring Defendant to fix all of the alleged violations on its website and mobile app. (Complaint, Prayer). A recent decision suggests that the minimum cost of modifying a website may exceed $250,000. *Gil v. Winn-Dixie Stores, Inc.*, Case No. 16-23020-CV-Scola (Order Dated June 12, 2017). In addition, given Plaintiff's desire to recover $74,999 in attorneys' fees and costs, *any* injunctive relief ordered by the Court would push Plaintiff's total recovery over $75,000.

13. Thus, the $75,000 amount-in-controversy threshold is easily met in this case. Adding $74,999 in fees/costs to $80,000 in statutory damages and $250,000 in injunctive relief equals $404,999.

**B.     Diversity**

14. Pursuant to 28 U.S.C. section 1332, "a corporation shall be deemed to be a citizen of any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). A corporation's "'principal place of business' refers to the place where the

corporation's high level officers direct, control, and coordinate the corporation's activities," *i.e.*, the corporation's "nerve center." *Hertz Corp. v. Friend,* 130 S. Ct. 1181, 1192 (2010). The "nerve center" is normally where the corporation maintains its headquarters. *Id.*

15. In this case, Defendant "is a Delaware corporation with its principal place of business located in Pennsylvania." (Complaint ¶11). Accordingly, Defendant is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction.

16. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). Here, Plaintiff resides in Los Angeles County, California. (Complaint ¶8). Accordingly, for the purposes of removal, Plaintiff is a citizen of the State of California.

17. Thus, there is complete diversity of citizenship of the parties for purposes of federal jurisdiction and this case is subject to removal pursuant to 28 U.S.C. section 1332(a)(1).

### IV. REMOVAL JURISDICTION BASED ON FEDERAL QUESTION

18. This Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1331 because the Complaint poses a federal question. Regardless of whether a Complaint pleads only state causes of action, a claim can invoke federal question jurisdiction if it raises a federal issue of law. *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312-14 (2005). The U.S. Supreme Court has "recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Id.* at 312. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial

questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Id.*

19. Plaintiff's lawsuit is based exclusively on alleged violations of the ADA, 42 U.S.C. section 12181, *et seq.* (Complaint ¶¶ 40, 46). Based on Plaintiff's own allegations, an examination of liability under the ADA is necessary to adjudicate her claims. Therefore, her lawsuit raises a question of federal law, rendering removal proper.

## V. VENUE

20. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1441(a), 1446(i) and 84(c), because the county in which the State Court Action is pending is found within this District.

## VI. NOTICE TO PLAINTIFF AND THE SUPERIOR COURT FOR THE COUNTY OF LOS ANGELES

21. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Los Angeles.

22. The undersigned counsel for Defendant had read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by U.S.C. ¶ 1446(a).

**WHEREFORE**, Defendant requests that the State Court Action pending before the Superior Court of the State of California for the County of Los Angeles be removed to the United States District Court for the Central District of California.

Dated: July 27, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     *s/s Gregory F. Hurley*
        GREGORY F. HURLEY

Attorneys for Defendant,
DICK'S SPORTING GOODS, INC.